Graham J. WALSH, Plaintiff,

v.

**SOUTH PORT MARINE CONSTRUCTION, INC.,**
Defendant.

No. 00–67–P–DMC.

United States District Court,
D. Maine.

Nov. 21, 2000.

R. Terrance Duddy, Kelly, Remmel & Zimmerman, Portland, ME, for Graham J. Walsh, plaintiff.

John R. Bass, II, F. Jay Meyer, Thompson, Bull, Furey, Bass & Maccoll, LLC, P.A., Portland, ME, for South Port Marine Construction, Inc., defendant.

## ORDER ON MOTION IN LIMINE

COHEN, United States Magistrate Judge.

South Port Marine Construction, Inc. ("South Port") moves *in limine* "to exclude all evidence with respect to alleged negligence by Defendant other than in its capacity as owner of the barge DUNBAR," including evidence regarding South Port's

alleged failure to (i) provide plaintiff Graham J. Walsh with adequate training, (ii) provide proper supervision, (iii) assign sufficient personnel for the task and (iv) adopt and promulgate written safety policies. Motion in Limine To Exclude Evidence of Defendant's Alleged Negligence Other Than in Its Capacity as Vessel Owner ("Motion") (Docket No. 20) at 1. In like vein, South Port also urges the court to refrain from taking into consideration OSHA regulations, which are binding only on employers. Reply Memorandum in Support of Motion in Limine ("Reply") (Docket No. 23) at 3–4. For the following reasons, the Motion is denied.

There is no dispute in this case that South Port—which was not Graham's employer—can be liable for Graham's injuries pursuant to 33 U.S.C. § 905(b) only in its role as vessel owner. *See* Motion at 1–2; Plaintiff's Objection to Defendant's Motion *in Limine* To Exclude Evidence of Defendant's Alleged Negligence ("Opposition") (Docket No. 22) at 3–7. However, it does not necessarily follow that evidence relevant to the question whether a vessel owner breached its duties *qua* employer is *per se* irrelevant to the question whether it breached its duties *qua* vessel owner.

■ "A passive vessel owner has no ongoing duty to supervise or inspect [a] stevedore's work...." *Gravatt v. City of New York*, 226 F.3d 108, 121 (2d Cir.2000). However, "once stevedoring operations have begun, the vessel will be liable if it *actively involves* itself in the cargo operations and negligently injures a longshoreman." *Id.* (citation and internal quotation marks omitted) (emphasis in original). Further, "even where the vessel does not actively involve itself in the stevedoring operations, it may be liable if it fails to exercise due care to avoid exposing longshoremen to harm from hazards they may encounter in areas, or from equipment,

under the *active control of the vessel* during the stevedoring operation." *Id.* (citation and internal quotation marks omitted) (emphasis in original).

■ Walsh depicts a scenario in which South Port was not merely actively involved in—but rather exclusively responsible for—overseeing both the barge as his workplace and the work he was asked to perform onboard on May 22, 1997. *See* Opposition at 1–3. Walsh asserts that on May 22, 1997, while employed as a store clerk for South Port Marine, LLC ("Marine"), he was directed by Lloyd Reynolds, Jr., a part-owner and manager of Marine who also happened to be president of South Port, to perform maintenance work on a barge owned by South Port. *Id.* at 1. Walsh, who alleges that he never before had been on a barge, states that he worked until injured under the direction of Reynolds (in his capacity as South Port president) and Jim LaPlante, the South Port employee in charge of all work on the barge and of safety. *Id.* at 1–2. According to Walsh, Reynolds expected LaPlante to give Walsh a safety briefing; this was not done. *Id.* at 2–3. Walsh states that he was injured while attempting to carry a large construction hose over a pile of steel angle iron that had been unsafely stacked by LaPlante and another South Port employee. *Id.* at 2.

Under these circumstances, South Port could indeed be held responsible—even in its capacity as vessel owner—for negligent supervision of Walsh. There is no basis on which to exclude, as a class, all evidence regarding the adequacy of South Port's supervision and training of Walsh, its safety policies and whether it assigned adequate personnel to complete the tasks assigned—any or all of which could be relevant to the question whether Walsh was negligently supervised.[1]

---

1. A vessel owner's work practices can be relevant to the question whether it has been negligent *qua* vessel owner. *See, e.g., Gravatt*, 226 F.3d at 129 (noting that, although negligent work practices shown by plaintiff took place in ship owner's capacity as employer, and thus did not form basis for liability, negligent

Similarly, there is no basis on which to turn a blind eye to OSHA regulations. They are at a minimum, even if not directly applicable as argued by Walsh, *see* Opposition at 8–9, potentially instructive on the question whether South Port was negligent in its capacity as vessel owner. *See, e.g., Keller v. United States,* 38 F.3d 16, 27 & n. 5 (1st Cir.1994) (noting that OSHA standards, which plaintiff did not contend applied directly to vessel owner that was not his employer, bolstered testimony of vessel owner's safety expert); *Martinez v. Korea Shipping Corp.,* 903 F.2d 606, 611 (9th Cir.1990) ("it is proper for a jury to consider Occupational Safety and Health Administration (OSHA) Regulations in deciding whether the vessel's condition created an unreasonable risk of harm to the workers.").[2]

Inasmuch as I am unpersuaded that the evidence in question should be categorically excluded, I deny the Motion.

*SO ORDERED.*

---

work practices *qua* vessel would form basis for liability).

2. South Port further argues that the court should refrain from considering specific OSHA regulations cited by Walsh, such as those pertaining to construction workers, 29 C.F.R. Part 1926, on the ground that they govern workplace activities other than those in which Walsh was engaged. Reply at 3–4. Even regulations of this sort may shed light on the matter at hand. *See, e.g., Keller,* 38 F.3d at 27 n. 5 (noting that OSHA regulations discussed by court not directly applicable to vessel owner in part because not pertinent to employment of longshore and harbor workers).